IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES, MOVING PICTURE TECHNICIANS, ARTISTS AND ALLIED CRAFTS OF THE UNITED STATES, ITS TERRITORIES AND CANADA, LOCAL NO. 16,<br><br>Petitioner,<br><br>v.<br><br>ISLAND CREATIVE MANAGEMENT, LLC,<br><br>Respondent. | No. C 14-02488 WHA<br><br><br><br><br><br><br><br><br><br>**ORDER DENYING PETITION TO COMPEL ARBITRATION** |

The instant petition to compel arbitration is complicated by three agreements that existed during the relevant time period. *One*, there was a collective bargaining agreement between the union, Local 16, and respondent Island Creative Management, LLC.* This agreement is invoked herein to compel Island Creative to arbitration. *Two*, there was a collective bargaining agreement between Local 16 and non-party BottleRock, LLC. *Three*, there was a payroll-services agreement between Island Creative and non-party BR Festivals, LLC. Island Creative was in the business of providing payroll and/or hiring services (Bever Decl. ¶ 3). BottleRock and BR Festivals were involved in organizing a BottleRock Music Festival in 2013.

The threshold dispute in our action is which collective bargaining agreement (of the two) applies? Local 16 contends that Island Creative employed the union for the festival but did not

---

\* Petitioner is International Alliance of Theatrical Stage Employees, Moving Picture Technicians, Artists and Allied Crafts of the United States, its Territories and Canada, Local No. 16 ("Local 16").

pay wages and benefits. Island Creative responds that it agreed to provide payroll services only and non-party BR Festivals (in bankruptcy) was responsible for providing the funds for paying Local 16 members according to the payroll-services agreement.

The only scintilla of evidence proffered by Local 16 in support of its contention that Island Creative was the employer for the festival work is Exhibit A to the payroll-services agreement between Island Creative and BR Festivals. Exhibit A stated (Abinsay Exh. K):

EXHIBIT A

DESCRIPTION OF [ISLAND CREATIVE]
LABOR AND SERVICES

1. PAYROLL SERVICES. Stage, Motion Picture, Theatrical, and Audio/Visual workers provided by [Island Creative] pursuant [to] this Exhibit A shall be employees of [Island Creative]. [Island Creative] shall:

    (a) Track, report, and pay employee federal and state payroll taxes;
    (b) Track, report and pay any local union fringe benefits or dues on employee's behalf;
    (c) Track, report and pay technical staff, crew or professional talent, wages owed;
    (d) Track, prepare and mail employee W-2 and/or 1099 forms when required[;]
    (e) Provide valid state worker's compensation insurance policy.

2. PROCUREMENT OF LABOR. [Island Creative] shall contact appropriate labor unions and hiring halls when necessary to secure workers pursuant to this Exhibit A.

3. SUPERVISION. Unless the Client [BR Festivals] has elected to appoint [Island Creative] to provide Production Management Services, Client [BR Festivals] shall supervise the workers provided by [Island Creative] pursuant to this Agreement, and [Island Creative] shall instruct its employees to take direction from Client [BR Festivals].

Island Creative was not hired to secure personnel for the BottleRock Music Festival and never secured any personnel for the event, both managing partners of Island Creative say (Bever Decl. ¶¶ 8, 10, Abinsay Decl. ¶¶ 7, 19). According to the festival director for BR Festivals, Island Creative was not responsible for requesting the workers in connection with the festival (Kuo Decl. ¶¶ 10, 14). Island Creative agreed to provide payroll services only, even though a generic services agreement (Exhibit A) was used (Abinsay Decl. ¶¶ 4, 6).

2

At oral argument, Local 16 was asked to identify at least one member who received a work request from Island Creative. Counsel was unprepared for this question (Aug. 14 Hr'g. Tr. at 12):

> ATTORNEY SENCER: We understand that some of the requests came through [non-party] BottleRock. I have not personally looked at, nor have I actually asked that question regarding whether any workers were dispatched at the request for [Island Creative].

Counsel was then given an opportunity to do her homework (Aug. 14 Hr'g. Tr. at 15):

> THE COURT: I want you to find out whether there was at least one person who was referred to this event by Local 16 at the request of [Island Creative]. Then give me the name of the person and a declaration and the basis for saying that.

The deadline passed and Local 16 did not file such a declaration. Local 16 instead filed a mealymouthed declaration from its president stating (Beaumonte Decl. ¶¶ 2, 6, 7):

> Throughout the spring of 2013, Local 16 was aware that the payroll company for the BottleRock Music Festival would be Island Creative.
>
> \*              \*              \*
>
> At no time during the course of the BottleRock Festival, or its immediate aftermath did Mr. Abinsay [managing partner of Island Creative] or any other representative of Island Creative take the position that it was not the employer of the employees on this jobsite.
>
> At no time did Mr. Abinsay [managing partner of Island Creative] ask to be excluded from email correspondence on the basis that [Island Creative] was not involved in the festival.

Local 16 has utterly failed to identify a single Local 16 member who has any basis for saying he (or she) worked at the request of Island Creative. Local 16 has shown no good faith basis for contending that Island Creative was anything more than a payroll-services provider.

Indeed, six Local 16 members previously filed claims against BottleRock, Island Creative, and others, with the Labor Commissioner. After hearings occurred, all six members were awarded money against BottleRock (and another entity). The Labor Commissioner even found that the collective bargaining agreement between Island Creative and Local 16 (the agreement invoked herein) "did not apply to the work Plaintiff [Local 16 member] performed" and

1  "[t]he preponderance of the evidence indicate[d that] [Island Creative] did not hire Plaintiff to
2  work at the Bottle Rock [sic] Festival." The Commissioner found that Island Creative had "no
3  liability for Plaintiff's unpaid wages and [was] dismissed."

4  This order recognizes that review of a petition to compel arbitration is generally weighted
5  heavily in favor of compelling arbitration, nevertheless, Local 16 has abused this by filing a
6  petition without any foundation for asserting that the Local 16 workers at the festival were
7  employed by Island Creative. It cannot be that any party to a collective bargaining agreement
8  with an arbitration clause can compel arbitration without a scintilla of evidence. Here, it would
9  be patently unjust to compel arbitration against Island Creative for the BottleRock dispute raised.

10  Accordingly, the petition is **DENIED**. Island Creative's requests for judicial notice
11  are **GRANTED**. Local 16's motion for attorney's fees and expenses is **DENIED AS MOOT**,
12  although about half of the money sought was based on nothing more than attorney speculation of
13  what counsel "anticipated" incurring. The Clerk shall **CLOSE THE FILE**.

**IT IS SO ORDERED.**

Dated: August 20, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4