1

2

3

4

5

6               IN THE UNITED STATES DISTRICT COURT

7

8         FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10  INTERNATIONAL ALLIANCE OF THEATRICAL
    STAGE EMPLOYEES, MOVING PICTURES
11  TECHNICIANS, ARTISTS AND ALLIED                    No. C 14-02488 WHA
    CRAFTS OF THE UNITED STATES, ITS
12  TERRITORIES AND CANADA, LOCAL NO. 16,

13              Petitioner,                            **ORDER DENYING
                                                       MOTION FOR
14      v.                                             ATTORNEY'S FEES
                                                       AND COSTS AND
15  ISLAND CREATIVE MANAGEMENT, LLC,                   VACATING HEARING**

16              Respondent.

17  _____/

18                          **INTRODUCTION**

19      Respondent moves for attorney's fees and costs following a denial of a petition to

20  compel arbitration. For the reasons stated herein, the motion is **DENIED**. The October 9 hearing

21  is hereby **VACATED**.

22                           **STATEMENT**

23      Petitioner Local 16 commenced this action by filing a petition to compel arbitration in

24  Napa County Superior Court.* Respondent Island Creative Management, LLC then removed

25  to federal court. Following full briefing, supplemental submissions, and oral argument, an

26  August 2014 order denied the petition. Local 16 filed a notice of appeal. Now, Island Creative

27

28      * Petitioner is International Alliance of Theatrical Stage Employees, Moving Picture Technicians,
    Artists and Allied Crafts of the United States, its Territories and Canada, Local No. 16 ("Local 16").

seeks more than $74,811 in attorney's fees and costs.  Local 16 opposes.  This order follows full briefing.

**ANALYSIS**

Island Creative has failed to demonstrate that it is entitled to the grossly excessive fees and costs requested.  Both of its arguments are unpersuasive.

*First*, Island Creative argues that California Labor Code Section 1128(a) permits it, the "prevailing party," to collect attorney's fees.  Section 1128(a), however, is preempted by Section 301, 29 U.S.C. 185.  *See International Brotherhood of Electrical Workers v. Hechler*, 481 U.S. 851, 856 (1987).  Accordingly, Island Creative's reliance on Section 1128(a) is misplaced.

*Second*, Island Creative argues that Local 16 acted in bad faith by filing the petition.  Not so.  This record does not support a finding of bad faith allowing for the recovery of the massive sum requested.  Here is why.

Local 16 filed a petition to compel arbitration against only Island Creative regarding allegedly unpaid work for the BottleRock Music Festival in 2013.  During the relevant time period, Local 16 was a party to at least two collective bargaining agreements.  One was between Local 16 and Island Creative (executed in 2008).  The other was between Local 16 and BottleRock LLC (executed in 2013).  Both agreements had arbitration clauses.  Local 16, however, moved to enforce only the Island Creative arbitration clause.

In opposition, Island Creative revealed that it had never secured any workers for the BottleRock Music Festival in 2013.  It was instead hired by BR Festivals, LLC (a non-party, now in bankruptcy) to provide only payroll services (Bever Decl. ¶ 8).  Moreover, six Local 16 workers had filed grievances with the Labor Commission.  In those proceedings, Island Creative was dismissed because it was not the "employer" for the work performed.  BottleRock LLC (and another entity) was ordered to pay the unpaid wages.

This order recognizes that it was a close question whether the undersigned judge versus the arbitrator should have decided whether Island Creative supplied any labor for the concert.  When it became clear upon inquiry that the answer was no, that is, Island Creative never

United States District Court

For the Northern District of California

requested the work done, it seemed unjust to compel Island Creative to arbitration. This, however, does not mean it was an easy call — perhaps the court of appeals will feel the arbitrator should have made the finding.  There was no bad faith.  Accordingly, Island Creative is not entitled to the fees and costs requested.

A separate reason to deny Island Creative's motion is that it is massively overstated and not adequately supported by sufficient documentation.  The records submitted reflect excessive block billing, vague entries, tasks unrelated to this litigation, and unrecoverable "costs."  The judge will not trim it back to something reasonable.  To do so would invite grossly overbroad requests on the strategy that the movant will at least get some lesser number.  As a sanction for gross overreaching, the entire motion will be denied.  The baby will go out with the bath water.  Parties should be reasonable from the start.

## CONCLUSION

For the reasons stated herein, Island Creative's motion for attorney's fees and costs is **DENIED**.  Having reviewed the papers, this order finds that oral argument would only needlessly increase the fees and expenses for both sides.  Accordingly, the October 9 hearing is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated:  September 30, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California